UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES, | |
| Plaintiff, | CASE NO. 2:23-cv-01366-JLR |
| v. | **REPORT AND RECOMMENDATION** |
| BEHAVIORAL HEALTH et al., | |
| Defendant. | |

On September 1, 2023, Plaintiff Cortez Daundre Jones, submitted a 42 U.S.C. § 1983 complaint against Defendants Behavioral Health, Wolfgang Varela, A Place for Mom, and Virginia Mason. Plaintiff alleges "Behavioral Health Employees Wolfgang Varela & friends have set up multiple robberies & used AI controls to statutorily rape people in the United States. Multiple attempts to terrorize Cortez Daundre Jones w Systems used by hospitals to then force a signature to prove Cortez Jones met with a doctor however Didn't. Behavioral Health claims I met with a Doctor & their connections keep stalking me trying to represent me on cases after murdering my mother Patricia Paramore. Massive defamation & robbery of a man who has not even been checked in as a patient at the heath center slander. Behavioral Health paid by a Plne for mom to murder Patricia Paramore son." Dkt. 1. Plaintiff also seeks to proceed *in forma pauperis* (IFP). *Id.*

REPORT AND RECOMMENDATION - 1

        The Court must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); § 1915A(b)(1). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

        Plaintiff sues under § 1983. To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named Defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, Plaintiff must allege a Defendant's own conduct violated his civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

        The Court has reviewed Plaintiff's complaint and recommends the IFP application be **DENIED,** and the matter be **DISMISSED** without prejudice because the complaint fails to set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels and conclusions, lacking factual enhancement are insufficient. *Id.* The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint lists names of potential Defendants but fails to provide any facts regarding the acts they allegedly committed that Plaintiff contends violated his rights. Plaintiff's conclusory allegations do not set forth sufficient facts upon which a claim for relief may be granted.

REPORT AND RECOMMENDATION - 2

Additionally, the IFP statute accords Judges not only the authority to dismiss a claim based on an indisputably meritless legal theory but also the power to dismiss claims whose factual contentions are clearly baseless, including allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Here, the complaint makes disjointed allegations about mental health providers, stalking, murder and use of AI technology to statutorily rape people in the United States. These are fantastical allegations that should be dismissed.

For the foregoing reasons the Court recommends Plaintiff's IFP application be DENIED, and the complaint be DISMISSED without prejudice.

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 10, 2023.** The Clerk shall note the matter for **October 13, 2023.** as ready for the District Judge's. The failure to timely object may affect the right to appeal.

DATED this 26th day of September, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3